Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Thomas E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21031 Ventura Blvd, Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ANGELA LERNER**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**WESTSIDE INVESTMENTS, INC. DBA MARINA DEL REY TOYOTA**, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:21-cv-05907-FMO-SHK<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR VIOLATIONS OF:**<br><br>1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.]<br>2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.]<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, ANGELA LERNER ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1.    Plaintiff brings this action individually and on behalf of all others

similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of WESTIDE INVESTMENTS, INC. ("Defendant") in negligently, knowingly, and/or willfully contacting Plaintiff and all class members on Plaintiff's and all class members' cellular telephones in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA"), thereby invading Plaintiff's and all class members' privacy.

## JURISDICTION & VENUE

2.      Jurisdiction is proper under *28 U.S.C. § 1332* because the matter arises out of an issue of federal law, in particular the TCPA.

3.      Venue is proper in the United States District Court for the Central District of California pursuant to *18 U.S.C.  1391(b)* and *18 U.S.C. § 1441(a)* because Defendants do business within the state of California and Plaintiff resides within this District.

## PARTIES

4.      Plaintiff, ANGELA LERNER ("Plaintiff"), is a natural person residing in Los Angeles County of the state of California and is a "person" as defined by *47 U.S.C. § 153 (39)*.

5.      Defendant WESTIDE INVESTMENTS, INC. is a car dealership and is a "person" as defined by *47 U.S.C. § 153 (39)*.

6.      The above named Defendants, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7.     Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

8.     Beginning in or around January of 2020, Defendant contacted Plaintiff on her cellular telephone, ending in -3654, in an effort to sell or solicit its services via a prerecorded message.

9.     Defendant called Plaintiff, on average, twice a month, including, but not limited to, January 28, 2020, October 18, 2020, November 9, 2020, January 18, 2021, April 15, 2021, and April 22, 2021.

10.    Each of these calls by Defendant played the same prerecorded voice message as follows:

"Hello there, this is John [] the service director here at Marina Del Rey Toyota. As a local customer of ours, I would like to offer you a $15 Starbucks gift card simply for coming to see us for your next service. We look forward to seeing you soon and have a wonderful day."

11.    Plaintiff knows the calls used a prerecorded voice because the quality of the audio sounded like a recording, the recording did not respond to any comments by her, and the recording was the same, identical recording for each of the numerous calls she received.

12.    The phone calls all came from telephone number (310) 773-0479, which is a number owned and operated by Defendant.

13.    Further, the call was a telephone solicitation because Defendant was calling to induce Plaintiff to visit Defendant's car dealership and pay for a car service.

14.    Thus, Defendant utilized an "artificial or prerecorded voice" as

prohibited by *47 U.S.C. § 227(b)(1)(A)*.

15.   Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

16.   Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

17.   Plaintiff has never provided her consent, written or otherwise, to receive annoying, intrusive prerecorded voice calls from Defendant. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

18.   Defendant's actions in placing the calls at issue were done willfully and despite Defendant's knowledge that such calls would violate the law.

## CLASS ALLEGATIONS

19.   Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons within the United States who received any telephone calls from Defendant to said person's cellular telephone or residential telephone line made through the use of any artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint

20.   Plaintiff represents, and is a member of, The Class, consisting of all persons within the United States who received any telephone calls from Defendant to said person's cellular telephone or residential telephone line made through the use of any artificial or prerecorded voice and such person had not previously not consented to such calls within the four years prior to the filing of this Complaint.

21.   Defendant, its employees, and its agents are excluded from The Class.

Plaintiff does not know the number of members in The Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

22. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes thousands of members. Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

23. Plaintiff and members of The Class were harmed by the acts of Defendants in at least the following ways: Defendant illegally contacted Plaintiff and Class members via their cellular telephones thereby causing Plaintiff and Class members to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendants during those illegal calls, and invading the privacy of said Plaintiff and Class members.

24. Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

    a.    Whether, within the four years prior to the filing of this Complaint, Defendant made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any artificial or prerecorded voice;

    b.    Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

    c.    Whether Defendant should be enjoined from engaging in such conduct in the future.

25.    As a person that received numerous calls from Defendant using an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The Class.

26.    Plaintiff will fairly and adequately protect the interests of the members of The Class.  Plaintiff has retained attorneys experienced in the prosecution of class actions.

27.    A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class  members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

28.    The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

29.    Defendant has acted or refused to act lawfully in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the California Class as a whole.

## **FIRST CAUSE OF ACTION**
**Negligent Violations of the Telephone Consumer Protection Act**
**47 U.S.C. §227 et seq.**

30.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-28.

31.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

32.     As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff and Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

33.     Plaintiff and Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
### Knowing and/or Willful Violations of the Telephone Consumer Protection Act
### 47 .S.C. §227 et seq.

34.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-28.

35.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

36.     As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff  and Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

37.     Plaintiff and Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants for the following:

### FIRST CAUSE OF ACTION
**Negligent Violations of the Telephone Consumer Protection Act**
**47 U.S.C. §227 et seq.**

- As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1),* Plaintiff and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*; and
- Any and all other relief that the Court deems just and proper.

### SECOND CAUSE OF ACTION
**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**
**47 U.S.C. §227 et seq.**

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*; and
- Any and all other relief that the Court deems just and proper.

### PLAINTIFF DEMANDS A JURY TRIAL.

Respectfully Submitted this 3rd day of January, 2022.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By:   s/ Todd M. Friedman
      Todd M. Friedman
      Law Offices of Todd M. Friedman
      Attorney for Plaintiff